The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the addition of Finding of Fact Number 15, Conclusions of Law Number 7, and Award Numbers 6 and 7.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. There was an employee-employer relationship between the parties at the time of the alleged injury.
3. St. Paul Fire and Marine Insurance Company was the carrier on the risk.
4. The plaintiff was out of work from October 4, 1993 through December 6, 1993 and from January 21, 1994 through November 17, 1994.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the undersigned makes the following additional
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a fifty-two year-old right handed female with a sixth-grade education. Plaintiff is able to drive and her prior work history includes doing cooking and waiting on tables in a restaurant.
2. Plaintiff was employed by the defendant-employer as a machine operator, working on blow molds. Plaintiff's job duties required her to take the plastic part out of the blow mold machine, and using her hands, and a trimmer tool, and a knife she would trim the excess material of the plastic parts, constantly eight hours a day. Plaintiff had two ten minute breaks and thirty minutes for lunch.
3. Plaintiff sustained stenosing tenosynovitis in her right middle finger as a result of the repetitive use of that finger in performing her job for the defendant-employer.
4. Plaintiff received treatment from Dr. Kuzma from July 29, 1993 through June 22, 1994. The medical treatment by Dr. Kuzma as well as the therapy plaintiff received from Triad Therapy Services, Inc. was necessary to provide relief and reduce plaintiff's impairment from the injury.
5. As a result of the stenosing tenosynovitis sustained to her right middle finger, plaintiff was unable to work from October 4, 1993 through December 6, 1993 and from January 21, 1994 through June 22, 1994.
6. Plaintiff reached maximum medical improvement on June 22, 1994.
7. The defendant-employer did not have any employment for the plaintiff consistent with her physical limitations at the time that plaintiff reached maximum medical improvement.
8. At the time of the hearing, plaintiff had not obtained any employment since reaching maximum medical improvement.
9. Plaintiff is physically able to be employed in a non-production, non-repetitive job.
10. Plaintiff did not make a reasonable effort to secure other employment upon being released to return to work.
11. It would not have been futile for plaintiff to have attempted to look for work given her age, medical condition, educational background, and work experience.
12. As a result of plaintiff's repetitive use of her right middle finger in the performance of her job for the defendant-employer, plaintiff has sustained a 10% permanent partial disability to her right middle finger.
13. The plaintiff's average weekly wage as of July 21, 1993 was $232.00 (see plaintiff's exhibit 6 Form 19).
14. Defendants' defense of this claim was not based in stubborn unfounded litigiousness. Defendants initially sought to defend this claim by arguing that the stenosing tenosynovitis was the result of a previous carpal tunnel injury. Counsel for the plaintiff originally filed this claim alleging plaintiff was suffering from bilateral carpal tunnel and later resubmitted the claim alleging right hand repetitive trauma injury to "right middle finger of the right hand."
15. Based upon the evidence, the Full Commission finds that plaintiff is able to do some work, therefore more vocational rehabilitation is needed by plaintiff.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
CONCLUSIONS OF LAW
1. Due to the trauma associated with the repetitive manner that she had to use her right middle finger in the course of her regular employment as a mold operator for the defendant-employer, plaintiff developed disabling stenosing tenosynovitis which is a specifically named occupational disease under the provisions of N.C.G.S. § 97-53 (21) and thus a compensable claim. N.C.G.S. § 97-53
(21).
2. Plaintiff is entitled to temporary total disability compensation at a rate of $154.74 per week for the time period beginning October 4, 1993 through December 6, 1993 and from January 21, 1994 through June 22, 1994. N.C.G.S. § 97-29.
3. Plaintiff is capable of returning to work with restrictions. Plaintiff did not make a reasonable effort to obtain gainful employment upon reaching maximum medical improvement. Plaintiff has failed to obtain gainful employment upon reaching maximum medical improvement. Plaintiff has failed to prove that she was unable to earn wages after June 22, 1994.Russell v. Lowes Product Distribution 108 N.C. App. 762 (1993);97-2 (9).
4. As a result of the disabling stenosing tenosynovitis, plaintiff sustained as a result of her employment with the defendant-employer, plaintiff is entitled to permanent partial disability compensation at the rate of $154.74 per week for 4 and 4/7 weeks. N.C.G.S. § 97-31.
5. Plaintiff is entitled to payment of all medical expenses incurred or to be incurred in the future as a result of the disabling tenosynovitis. N.C.G.S. § 97-25.
6. The defendants' denial of this claim was based upon reasonable grounds. N.C.G.S. § 97-88.1.
7. Based upon the evidence in this case, the Full Commission concludes that defendant must provide plaintiff with more vocational rehabilitation. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff for the periods commencing October 4, 1993 through December 6, 1993 and from January 21, 1994 through June 22, 1994. N.C.G.S. § 97-29. This amount has accrued and shall be paid in one lump sum subject to attorney's fees approved below.
2. Defendants shall pay permanent partial disability compensation to plaintiff for 4 and 4/7 weeks at the rate of $154.74. This amount has accrued and shall be paid in a lump sum subject to attorney's fees approved below.
3. A reasonable attorney's fee in the amount of twenty-five per cent of the compensation benefits payable herein is approved for plaintiff's attorney and shall be paid directly to counsel for the plaintiff.
4. Defendants shall pay the costs.
* * * * * * * * * * * *
ORDER
On April 4, 1995, counsel for the plaintiff set up a deposition to take the testimony of Dr. Kuzma. Counsel for the plaintiff did not appear at the deposition. Counsel for the defendant expended one hour awaiting to conduct the deposition. The court reporter and Dr. Kuzsma appeared as a result of plaintiff's instructions.
IT IS THEREFORE ORDERED that counsel for the plaintiff pay defendant $105.00 in attorney's fees, $50.00 to the court reporter. Further, defendants shall pay an expert witness fee in the amount of $215.00 to Dr. Kuzma. Defendants shall provide more vocational rehabilitation to plaintiff.
Plaintiff's Motion for Attorney's Fees is DENIED.
FOR THE FULL COMMISSION
 S/ ________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 3/26/96